UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WISSAM YOUNAN,

    Plaintiff,

v.                                                                                          Case No. 11-15641
                                                                                            Honorable Patrick J. Duggan
BANK OF AMERICA, N.A., fka LASALLE
BANK, N.A.; FIRST FRANKLIN MORTGAGE
LOAN TRUST 2007-FF2; and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

On November 22, 2011, Plaintiff filed this action against Defendants in the Circuit Court for Macomb County, Michigan, seeking to quiet title to real property located at 41537 Gardenway Drive, Sterling Heights, Michigan ("Property"). On December 27, 2011, Defendants removed Plaintiff's Complaint to federal court based on diversity jurisdiction. Presently before the Court is Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), filed January 3, 2012. After Defendants filed their motion, Plaintiff's counsel moved and was granted leave to withdraw. Plaintiff subsequently retained new counsel who was given an extension of time to respond to the motion. The motion now has been fully briefed. On February 8, 2012, this Court issued a notice dispensing with oral argument with respect to Defendants' motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

**I.     Applicable Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

2

statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

## II.     Factual Background

On December 27, 2006, Plaintiff executed a promissory note ("Note") in the principal amount of $359,000 to purchase the Property.  (Defs.' Mot. Ex. A.)  First Franklin a division of National City Bank ("First Franklin") was the originating lender. (*Id.*) First Franklin endorsed the Note to First Franklin Financial Corporation.  (*Id.*)

As security for the Note, Plaintiff granted a mortgage on the Property ("Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS") "as nominee for the lender and the lender's successors and assigns."  (Defs.' Mot. Ex. B.)  On March 1, 2008, MERS assigned the Mortgage to LaSalle Bank, N.A. as trustee for First Franklin Mortgage Loan Trust 2007-FF2, Mortgage Loan Asset-Backed Certificates, Series 2007-FF2 ("LaSalle as Trustee").  (Compl. ¶ 11; Defs.' Mot. Ex. C.)

At some unspecified time, Plaintiff defaulted on the Note and LaSalle as Trustee initiated foreclosure proceedings.  The Property was sold at a Sheriff's Sale on February 6, 2009, with LaSalle as Trustee as the purchaser.  (Compl. Ex. 1.)  The redemption period expired by statute on August 6, 2009.  (*Id.*)

LaSalle as Trustee thereafter instituted eviction proceedings in Michigan's 41st District Court.  (Defs.' Mot. Ex. E.)  Plaintiff failed to appear and a Judgment granting LaSalle the right of possession to the Property was entered on November 30, 2009.  (*Id.*) Plaintiff appealed the eviction to the Macomb County Circuit Court, which the court

dismissed as "vexatious and frivolous" in an order entered August 30, 2010. (*Id.* Ex. F.)

As indicated previously, Plaintiff then filed this action to quiet title to the Property on November 22, 2011. In his Complaint, Plaintiff asserts only a single count to quiet title.

**III.    Analysis**

Defendants argue in their motion to dismiss that Plaintiff's action to quiet title fails because all interest in the Property became vested in LaSalle as Trustee upon expiration of the redemption period. Further, Defendants maintain that Plaintiff's attempt to challenge the foreclosure is precluded by the doctrine of *res judicata* as he failed to assert his challenge in the eviction proceedings.

Pursuant to Michigan law, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514 (1942); *see also* Mich. Comp. Laws § 600.3236. At that point, the former owner loses standing to assert claims with respect to the property. *Overton v. Mortgage Electronic Registration Systems, Inc.*, No. 28490, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (unpublished opinion). An exception to this rule arises only where there is "a clear showing of fraud or irregularity" in the foreclosure process. *Id.*, at *2 (quoting *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784 (1969)).

Here, the redemption period has expired and Plaintiff fails to make "a clear showing of fraud or irregularity." Plaintiff argues that none of the defendants were

4

authorized to seek foreclosure by advertisement, relying on the Michigan Court of Appeals' decision in *Residential Funding Co. v. Saurman*, 292 Mich. App. 321, 807 N.W.2d 412 (2011).  The Michigan Supreme Court reversed that decision however, holding that the mortgagee is "the owner . . . of an interest in the indebtedness secured by the mortgage" capable of seeking foreclosure by advertisement.  *Residential Funding Co. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011) (quoting Mich. Comp. Laws § 600.3204(1)(d)).

For these reasons, Plaintiff fails to state a claim to quiet title to the Property on which relief may be granted.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.

Dated: June 12, 2012                                    s/PATRICK J. DUGGAN
                                                                        UNITED STATES DISTRICT JUDGE

Copies to:
Scott F. Smith, Esq.
Michelle T. Thomas, Esq.